UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| JULIO GOMEZ,<br><br>    Plaintiff,<br>v.<br><br>PEOPLE'S UNITED BANK, d/b/a/ CHITTENDEN BANK, UBI FEDERAL CREDIT UNION, TRANS UNION, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., and COUNTRY MOTORS II, INC., d/b/a BOB'S DODGE,<br><br>    Defendants. | 3:10-CV-00904 (CSH) |

**RULING ON MOTION FOR ATTORNEY'S FEES**

HAIGHT, Senior District Judge:

  In this action, plaintiff Julio Gomez seeks compensation for statutory violations that occurred in connection with his purchase of two motor vehicles from defendant Country Motors II, Inc. All defendants other than Country Motors II, Inc. were terminated from the action. On August 4, 2011, an arbitrator granted Plaintiff an award of $105,345.28 against Defendant.[1] The award was made entirely under the Connecticut Unfair Trade Practices Act (CUTPA), Conn. Gen. Stat. § 42-110a *et seq.*, and included an award for Plaintiff's attorney's fees up to that point. Defendant contested the arbitrator's award before this Court. On July 15, 2012, this Court entered Judgment [Doc.101] for Plaintiff for $105,720.28, consisting of the arbitrator's award, which the Court upheld, plus $375 for

---

[1] Because all defendants other than Country Motors II, Inc. have been terminated, Country Motors II, Inc. is referred to herein as "Defendant."

1

the costs of the arbitration.

Plaintiff now files a Motion for Attorney's Fees [Doc. 102] seeking an additional award for the attorney's fees he incurred in enforcing the arbitrator's award, *i.e.*, in litigating Defendant's challenge to the award before this Court. He requests a supplemental fee award of $4,000. The time for Defendant's response to this Motion has passed, but Defendant has not objected to it or otherwise responded.

Under CUTPA, "a court may award, to the plaintiff . . . reasonable attorney's fees based on the work reasonably performed by the attorney and not on the amount of recovery." Conn. Gen. Stat.§ 42-110g(d). Such an award is available even for attorney's fees incurred in post-judgment proceedings, *Benvenuto v. Mahajan*, 245 Conn. 495, 502 (1998), and thus is certainly available in pre-judgment proceedings regarding confirmation of an arbitrator's award. Thus, Plaintiff is entitled to an award of attorney's fees for litigating Defendant's challenge to the arbitrator's award.

When a federal court makes an award of attorney's fees under a state statute, the documentation standards are the standards under the state statute, and the federal requirement for contemporaneous time records does not automatically apply. *Riordan v. Nationwide Mut. Fire Ins. Co.*, 977 F.2d 47, 53 (2d Cir. 1992). The appellate courts of Connecticut have not imposed an absolute requirement that plaintiffs seeking to recover attorney's fees under CUTPA provide contemporaneous time records, instead holding more generally that "the proponent must present to the court . . . a statement of the fees requested and a description of the services rendered." *Smith v. Snyder*, 267 Conn. 456, 479 (2004).

In support of this application Plaintiff has supplied the declaration of his attorney, Daniel Blinn of Consumer Law Group, LLC ("Decl.") [Doc. 102-3]. Paragraphs 8 and 9 of the declaration

describe work done by Attorney Blinn and a paralegal and summarize the number of hours expended. Paragraphs 10 and 11 assert that the reasonable value of this time is "no less than $4,000." A review of the hours claimed, in light of the work necessary, shows that the time worked by Attorney Blinn and paralegal Lori Lessard is reasonable. The time claimed includes a small amount of work done on the present fee application. Time spent on a fee application is compensable. *See, e.g., Handschu v. Special Servs. Div.*, 727 F.Supp.2d 239, 255 (S.D.N.Y. 2010) (granting compensation for work done on the fee application at issue).

"The reasonable hourly rate is the rate a paying client would be willing to pay." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany & Albany County Bd. of Elections*, 522 F.3d 182, 190 (2d Cir. 2008). The rate requested for Attorney Blinn's time, $375 per hour, is somewhat higher than the amount he has been granted in similar cases in the recent past. In a decision issued in January of this year on an attorneys' fees award to Attorney Blinn in a Fair Debt Collection Practices Act (FDCPA) matter, Judge Vanessa Bryant of this Court surveyed other recent awards to Attorney Blinn and concluded that "a rate of $325 per hour is in line with prevailing rates, commensurate with the level of skill required to perform properly, and his customary hourly rate." *O'Connor v. AR Resources, Inc.*, No. 3:08cv1703, 2012 WL 12743, at *8 (D.Conn. Jan. 4, 2012). While this award is made under CUTPA rather than the FDCPA, that does not affect the reasonable hourly rate. The Court finds that $325 per hour is a reasonable hourly rate for Attorney Blinn's time.

Multiplying this rate by the ten hours expended by Attorney Blinn, this portion of the award comes to $3,250. When that is added to the reasonable request for $262.50 for Ms. Lessard's time, the award comes to $3,512.50.

Consequently, the Motion for Attorney's Fees [Doc. 102] is GRANTED, and Plaintiff is

awarded $3,512.50 against Defendant in compensation for attorney's fees.


It is SO ORDERED.
Dated:  New Haven, Connecticut
September 5, 2012

                                             */s/ Charles S. Haight, Jr.*
                                             Charles S. Haight, Jr.
                                             Senior United States District Judge